# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| HELENA MCFARLAND, <br> An individual residing in the Town of Poland, County of Androscoggin, State of Maine, <br><br> Plaintiff <br><br> vs. <br><br> ST. MARY'S REGIONAL MEDICAL CENTER, <br> A corporation in the City of Lewiston, County of Androscoggin, State of Maine, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **Civil Action** <br> **Case No.:** |

## COMPLAINT

NOW COMES the Plaintiff, by and through her attorney and respectfully complains against Defendant as follows.

1. Plaintiff Helena McFarland is an individual residing in the Town of Poland, County of Androscoggin, State of Maine.

2. Defendant St. Mary's Regional Medical Center (hereinafter St. Mary's) is a Maine corporation conducting business in the City of Lewiston, State of Maine.

3. From approximately January 2017 through January 19, 2019, Plaintiff was employed by Defendant at its location in Lewiston, Maine, as an interpreter for Defendant's patients.

1

4. Plaintiff has a disability known as brachial plexus neuropathy, which affects her ability to use one of her hands.

5. During her interview for employment, Plaintiff understood that she was going to be hired by Defendant as an interpreter for Defendant's patients.

6. However, she was instructed to go to Work Med for an evaluation.

7. Plaintiff's position was going to require typing, so she mentioned to Work Med that she would like to have Defendant provide speech recognition software for her computer that would allow her to dictate most of what she needed to type. The specific software she mentioned is known by its brand name as Dragon.

8. Soon after her appointment with Work Med and her mention of the need for a reasonable accommodation, Defendant suddenly changed course and informed Plaintiff that she was not going to be hired.

9. When Plaintiff questioned this turn of events and whether this was due to her disability, Defendant again reversed course and, in fact, hired Plaintiff.

10. After her hiring, Plaintiff repeatedly requested that Defendant provide the speech recognition software to assist her perform her job.

11. Although the Dragon software is relatively inexpensive, Defendant continued to tell Plaintiff that it was unable to purchase the software due to cost and refused to do so.

12. During her employment, Plaintiff also witnessed her co-workers, other interpreters, illegally accessing patients' medical records on computers at St. Mary's for no valid reason.

13. Plaintiff made Defendant aware of this situation, but Defendant did not adequately address the situation and Plaintiff's co-workers then began to harass her for her reports to management of what she believed was illegal behavior.

14. In January of 2019, Plaintiff was terminated from her position with St. Mary's due to illegal discrimination based on her disability and whistle blowing regarding inappropriate activity of other employees, as well as Defendant's denial of her requests for reasonable accommodations for her disability.

## COUNT I
## UNLAWFUL EMPLOYMENT DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT

15. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 14 above as if set forth fully herein.

16. Plaintiff was an employee of Defendant.

17. Plaintiff was a qualified individual under the Americans with Disabilities Act.

18. Defendant unlawfully discriminated against Plaintiff by not providing her with a reasonable accommodation for her disability.

19. Defendant was aware of Plaintiff's disability and her need for an accommodation to allow her to perform her job adequately.

20. Plaintiff otherwise met the objective qualifications for the job.

21. Plaintiff's request for accommodation was reasonable and readily attainable by Defendant.

22. Any reasons given for Defendant's denial of reasonable accommodations for Plaintiff and for Plaintiff's termination from employment are pretextual.

23. As the direct and proximate result of Defendant's intentional discrimination of Plaintiff, Plaintiff has suffered significant damages including loss of enjoyment of life, emotional distress and lost wages.

### COUNT II
### UNLAWFUL EMPLOYMENT DISCRIMINATION
### HOSTILE WORK ENVIRONMENT

24. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 23 above as if set forth fully herein.

25. Defendant has unlawfully discriminated against Plaintiff by allowing a hostile work environment.

26. Defendant possessed knowledge of the same, but refused to correct or otherwise address the situation.

27. Defendant's discrimination has been both intentional and malicious.

28. As the direct and proximate result of Defendant's intentional and malicious discrimination of Plaintiff, Plaintiff has sustained significant damages including, but not limited to, emotional distress, lost wages, and pain and suffering.

### COUNT III - 26 M.R.S.A. §831
### WHISTLEBLOWER'S PROTECTION ACT

29. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 28 above as if set forth fully herein.

30. Defendant threatened, retaliated and/or otherwise discriminated against Plaintiff after Plaintiff, acting in good faith, reported to Defendant that she had reasonable cause to believe that Defendant was violating the law or rules adopted under the laws of the State of Maine.

31. Specifically, Defendant discriminated against Plaintiff by terminating her employment after complaints by co-workers about Plaintiff due to her reports of their illegally accessing patients' medical records.

32. Defendant also discriminated against Plaintiff by failing to address the disturbing and illegal behavior of her co-workers.

33. Defendant's actions were both intentional and malicious.

34. As the direct and proximate result of Defendant's intentional and malicious actions, Plaintiff has sustained significant damages including, but not limited to, emotional distress, lost wages, and pain and suffering.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Declare that Defendant has wrongfully discriminated against Plaintiff;

b. Award Plaintiff compensatory damages to be determined at trial;

c. Award Plaintiff punitive damages to be determined at trial;

d. Award Plaintiff pre-judgment interest;

e. Award Plaintiff attorney's fees and costs;

f. Award Plaintiff such further relief as it deems just and proper.

Date: April 13, 2020

VERNE E. PARADIE, JR, ESQUIRE
Attorney for the Plaintiff
Bar No: 8929
217 Main Street, Suite 400
Lewiston, ME 04240
207-333-3583